IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40127
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FAUSTINO MARGARITO TRINIDAD-SALINAS,
also known as Santos Benavides Gonzalez,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-603-1
--------------------
January 29, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Faustino Margarito Trinidad-Salinas appeals the 20-month sentence imposed by the district court following his entry of a plea of guilty to a violation of 8 U.S.C. § 1326(a) & (b) for being found illegally in the United States subsequent to deportation and a conviction for an aggravated felony.

    Trinidad-Salinas contends that his attorney provided ineffective assistance because counsel did not challenge the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

addition of one point to his criminal history score for each of two state convictions for driving with excessive blood alcohol levels. Trinidad-Salinas has not briefed this issue sufficiently. See United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991). Trinidad-Salinas does not explain why the criminal history was incorrect, he does not provide citations to the record or to other information to show that the criminal history is incorrect, and he does not indicate what counsel should have done. Further, Trinidad-Salinas cannot establish ineffective assistance because he cannot show prejudice. See Strickland v. Washington, 466 U.S. 668, 687, 697 (1984). Even if the district court had subtracted two points for the challenged convictions, Trinidad-Salinas would have had a criminal history score of four points, which would have resulted in the same criminal history category III.

Trinidad-Salinas contends that the Government breached the plea agreement because it did not make a recommendation at sentencing that he receive a sentence at the low end of the applicable Sentencing Guideline range. Because Trinidad-Salinas did not object at sentencing to the Government's lack of such a recommendation, our review of the issue is for plain error only. United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). We will not exercise our discretion to correct a forfeited error unless the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

The district court was aware of the plea agreement's terms and imposed sentence in compliance with the agreement. The sentencing recommendation was incorporated in the presentence report. See Reeves, 255 F.3d at 210. Trinidad has not demonstrated a breach or that any error that may have occurred seriously affected the "fairness, integrity, or public reputation of judicial proceedings." Reeves, 255 F.3d at 210. The judgment of the district court is AFFIRMED.